## STATE of Oklahoma ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,

v.

## Donald L. SHOUSE, Jr., Respondent.

### SCBD No. 3788.

Supreme Court of Oklahoma.

March 30, 1992.

### ORDER

OPALA, Chief Justice.

Upon consideration of the Oklahoma Bar Association's Application for an Order Approving the Resignation of Donald L. Shouse, Jr., respondent, Pending Disciplinary Proceedings,

THIS COURT FINDS:

1. On February 25, 1992, respondent submitted his written resignation from membership in the Oklahoma Bar Association, pending disciplinary proceedings.

2. The respondent's resignation reflects that it was freely and voluntarily rendered; he was not subject to coercion or duress; and he is fully aware of the consequences of submitting his resignation.

3. Respondent also stated that he is aware of the following grievances lodged against him with the Office of the General Counsel of the Oklahoma Bar Association, and currently under investigation:

(a) Allegations in formal grievance DC 91–180. Investigation by General Counsel initiated on July 25, 1991 based on allegations that respondent wrote a $3,600 check to a client on his attorney trust account and that the check was subsequently returned for insufficient funds.

(b) Allegations in formal grievance DC 91–215. Filed on August 8, 1991 and alleges that upon settling a Workers' Compensation case and receiving a

settlement check on behalf of his client, respondent paid his client's portion with an insufficient check, and then refused to communicate with the client on this matter.

(c) Allegations in formal grievance DC 91–283. Filed on September 18, 1991 and alleges that upon settling a Workers' Compensation case and receiving a settlement check on behalf of his client, respondent failed to pay his client's former attorney's fee, and also neglected to pay his client his portion of the settlement.

(d) Allegations in formal grievance DC 91–323. Filed on October 17, 1991 and alleges that upon settling a Workers' Compensation case and receiving a settlement check on behalf of his client, respondent gave a portion of the settlement monies to his client and subsequently failed to give his client the remainder of her share of the settlement.

(e) Allegations in formal grievance DC 91–324. Filed on October 17, 1991 and alleges that upon settling a Workers' Compensation case and receiving a settlement check on behalf of his client, respondent issued his client a check representing his portion of the settlement that was returned for insufficient funds.

(f) Allegations in formal grievance DC 91–353. Filed November 21, 1991 and alleges that upon settling a Workers' Compensation case and receiving a settlement check on behalf of his client, respondent failed to give the client his share of the settlement and that respondent endorsed another attorney's name that was also on the settlement check and retained the attorney's fee.

(g) Allegation in formal grievance DC 91–366. Filed November 6, 1991 and alleges that upon settling several Workers' Compensation cases and receiving settlement checks on behalf of his clients, respondent failed to pay the clients' medical expenses as he had previously agreed.

(h) Allegation in formal grievance DC 91–370. Filed on December 20, 1991 and alleges that upon settling a Workers' Compensation case and receiving a settlement check on behalf of his client, respondent issued his client two checks representing his portion of the settlement that were subsequently returned for insufficient funds.

(i) Allegation in formal grievance DC 91–371. Forwarded to the Office of General Counsel by the Tulsa County Bar Association and received December 6, 1991. Alleges that respondent settled his client's personal injury case without notifying her first, and then signed her name to the settlement check and converted the funds.

(j) Allegation in formal grievance DC 91–388. Forwarded to the Office of General Counsel by the Tulsa County Bar Association and received on December 19, 1991. Alleges that respondent settled a Workers' Compensation case and received a settlement check on behalf of his client without his client's knowledge or approval. Respondent then endorsed his client's name on the check and failed to issue his client his portion of the settlement.

(k) Allegation in formal grievance DC 92–9. Filed January 24, 1992 and alleges that upon settling a Workers' Compensation case and receiving a settlement check on behalf of his client, respondent failed to issue funds to his client for his portion of the settlement.

4. Respondent's Resignation Pending Disciplinary Proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, ch. 1, app. 1–A, and the same should be approved.

5. Donald L. Shouse, Jr., is the name of respondent as it appears upon the official roster maintained by the Oklahoma Bar Association, with the following address: 1518 S. Cheyenne, Tulsa, Oklahoma 74119.

6. Respondent has agreed to reimburse expenses incurred by Complainant in the

investigation of this matter in the amount of $1,465.15.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Respondent's Resignation Pending Disciplinary Proceedings be, and the same is hereby approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that respondent's name be stricken from the roll of attorneys; that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five (5) years from the date his resignation was approved by this Court; and that pursuant to 5 O.S.1991, ch. 1, app. 1–A, Rule 9.1, Rules Governing Disciplinary Proceedings, he notify all of his clients having legal business pending with him within twenty (20) days, by certified mail, of the respondent's inability to represent them and of the necessity for promptly retaining new counsel, and that respondent pay costs in the amount of $1,465.15 within thirty (30) days from the date hereof.

HODGES, V.C.J., and LAVENDER, SIMMS, HARGRAVE, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.